UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 DEC 28  AM 11: 56

CLERK

BY_____
DEPUTY CLERK

MICHAEL HUBER

    Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, d/b/a
GEICO

    Defendant.

Civil Action No.: 2:18-cv-231

### **COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, Michael Huber, by and through his attorneys of record,

Maley and Maley, PLLC, and alleges and says as follows:

### **THE PARTIES**

1. Plaintiff, Michael Huber (hereinafter referred to as "Plaintiff"), is a citizen of and
   resides in Bomoseen, Vermont.

2. Defendant, Government Employees Insurance Company, doing business as Geico
   (hereinafter referred to as "Defendant"), is a foreign corporation with its principal
   place of business in Washington, D.C. and at all times herein material was
   registered to do business in the State of Vermont as an insurance company duly
   licensed to sell automobile insurance and to process insurance claims.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

1

**JURISDICTION**

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as the matter is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the amount of $75,000.

4.  Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTUAL ALLEGATIONS**

5.  On March 13, 2015, Plaintiff was driving a Mazda MZ3 and was going south on Shelburne Road in South Burlington, Vermont.

6.  At said time and place, Dean Watson was also proceeding south on Shelburne Road and was following the car being driven by Plaintiff.

7.  Plaintiff stopped his car at a red light.

8.  At said time and place, the vehicle being driven by Dean Watson did strike the rear of Plaintiff's stationary car with great force and violence, causing severe injuries to Plaintiff.

9.  At said time and place, Dean Watson was negligent in that he operated his vehicle at a speed in excess of what the conditions allowed, failed to use due care, did follow Plaintiff's vehicle too closely and failed to keep a proper lookout.

10. At the time of the collision referred to above, Dean Watson was the operator of a motor vehicle insured by a contract of insurance with Nationwide Mutual

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

Insurance Company, which policy provided bodily injury liability limits of $100,000 per claim.

11. At the time of the collision referenced in Paragraph 8, Plaintiff was insured under an automobile policy issued to him by Progressive Insurance, said policy being numbered 14267408-1.

12. By and subject to its terms, Plaintiff's Progressive automobile insurance policy provided Underinsured Motorist coverage of $100,000 for bodily injury.

13. At the time of the collision referenced in Paragraph 8, Plaintiff's parents, Stanley and Janice Huber, were covered by a policy of insurance issued by Defendant, being policy number 4195-22-11-24.

14. At the time of the collision referenced in Paragraph 8, Plaintiff lived with his parents, Stanley and Janice Huber, and as a result was an insured under his parents' policy of insurance with Defendant.

15. At the time of the collision referenced in Paragraph 8, Plaintiff, as an insured covered by said Defendant's policy issued to his parents, was entitled to the benefits due therefrom.

16. Defendant's policy of insurance issued to Stanley and Janice Huber provided, in part, underinsured motorist benefits of $100,000 for bodily injury.

17. By stacking Plaintiff's Progressive policy with Defendant's Policy Number 4195-22-11-24 issued to Stanley and Janice Huber, there was a total of $200,000 underinsured motorist benefits available to Plaintiff for the bodily injuries sustained as a result of the collision.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

3

18. Prior to settlement with Nationwide Mutual Insurance Company, Plaintiff put Defendant on notice of his intention to pursue an underinsured motorist claim under Stanley and Janice Huber's policy issued by Defendant.

19. On March 12, 2018, with Defendant's consent, Plaintiff accepted payment of the policy limits of $100,000 from Nationwide Mutual Insurance Co. pursuant to the contract of insurance that covered Dean Watson for the above-referenced collision.

20. After offsetting the $100,000 payment made to Plaintiff by Nationwide Mutual Insurance Company, there remains available to Plaintiff $100,000 of underinsured motorist coverage under Defendant's policy of insurance, number 4195-22-11-24.

21. Because the policy limits on Dean Watson's vehicle at the time of the accident had limits of liability less than those provided to Plaintiff by stacking his Progressive policy and Defendant's policy, the vehicle being operated by Dean Watson was an "Underinsured Motor Vehicle" within the terms and conditions of both Plaintiff's policy of insurance with Progressive and Defendant's policy number 4195-22-11-24.

22. As a result of the exhaustion by settlement of the $100,000 policy limits available from Dean Watson's Nationwide Mutual Insurance Company coverage and because Plaintiff's bodily injuries sustained in the collision resulted in damages in excess of $100,000, Plaintiff is entitled to Underinsured Motorist benefits pursuant to Defendant's policy of insurance with Stanley and Janice Huber, policy number 4195-22-11-24.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

4

## **DAMAGES**

23. As a direct and proximate result of the negligence of Dean Watson, the vehicle driven by him struck Plaintiff's vehicle with great force and violence, causing severe bodily injuries to Plaintiff.

24. As a further direct and proximate result of the negligence of Dean Watson, Plaintiff suffered pain and suffering, anxiety and loss of enjoyment of life in the past and will experience pain and suffering, anxiety and loss of enjoyment of life in the future.

25. As a further direct and proximate result of the negligence of Dean Watson, Plaintiff incurred past medical bills in the amount of $34,244.52.

26. As a further direct and proximate result of the negligence of Dean Watson, Plaintiff has lost wages in the amount of $39,429.43 and will have additional lost wages in the future.

## **BREACH OF CONTRACT**

27. Despite notice and demand, Defendant has failed to pay to Plaintiff the $100,000 in compensatory damages that he is entitled to under the terms of the Underinsured Motorist Coverage provision of Defendant's policy of insurance with Stanley and Janice Huber, policy number 4195-22-11-24.

28. Despite notice and demand, Defendant has breached its contract with Plaintiff in that it has failed to pay Plaintiff the $100,000 due under the Underinsured Motorist Coverage provision of Defendant's policy of insurance with Stanley and Janice Huber, policy number 4195-22-11-24.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

WHEREFORE, Plaintiff demands judgment against Defendant for those compensatory damages due pursuant to the Uninsured Motorist provisions of Stanley and Janice Huber's policy of insurance with Defendant, policy number 4195-22-11-24, together with prejudgment interest and costs.

**PLAINTIFF MAKES THIS HIS DEMAND FOR TRIAL BY JURY.**

Dated at Burlington, Vermont this 28th day of December, 2018.

 

                    PLAINTIFF MICHAEL HUBER
BY:      MALEY AND MALEY, PLLC

By: _____
          John P. Maley, Esq.
          Maley and Maley, PLLC
          30 Main St., Suite 450
          P.O. Box 443
          Burlington, Vermont 05402-0443
          john@maleyandmaley.com

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

6